[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] AMENDMENT TO MEMORANDUM OF DECISION DATED AUGUST 11, 2000 AND FILE STAMPED AUGUST 14, 2000
Pages 4 and 5 of above-entitled Memorandum of Decision are hereby replaced as follows to correct an omission.
Page 4, last sentence and last line of text, continuing on to page 5 should read as follows: "It is also clear that the magistrate did not rule on that legal issue."
Accordingly, please replace the attached pages 4 and 5 to correct the omission.
Hospital, also testified. CT Page 10655
During the February 25th hearing, following testimony by Ms. Bowers, and before the parties had completed their presentations on the support petition hearing, counsel for the minor child requested that the magistrate entertain his motion to dismiss.[1] After lengthy argument by counsel, the magistrate issued the following oral ruling on that motion:
 "Without speaking at all to the validity of the acknowledgment to the validity of the substance of the acknowledgment to any of the issues with respect to the parties having in an oral and written fashion understood their rights in completing the acknowledgment, the Court is making a finding today that the statutory requirement as to the acknowledgment being not with the Court but being filed with the registry maintained by the Department of Health was not followed in this particular instance.
 It is the Court's position that . . . the fact it was filed in the Superior Court's file and not in the Department of Health's registry, is a valid basis for dismissing the support petition." (Transcript, February 25, 2000, Page 67).
It is from the forgoing ruling that D.S.S. appealed. A careful review of the entire proceeding convinces this court that the support magistrate never made findings of fact with respect to the claim that the parties' acknowledgment and affirmation was defective because they had not been advised properly of their rights. It is also clear that the magistrate did not
 Page 4
rule on that legal issue. Accordingly, this court will confine its appellate review solely to the issue of whether or not the support court lacked jurisdiction because the acknowledgment and affirmation had been improperly filed.
A review of the history and language of the pertinent subsections of C.G.S. § 46b-172 is essential to an understanding of both the magistrate's decision, and this court's determination of the appeal therefrom.
As noted above, that statute enables parents to legally acknowledge and affirm a father's paternity, without the necessity of commencing a CT Page 10656 paternity suit before the Superior Court. (See C.G.S. § 46b-160). Prior to July 1, 1999, C.G.S. § 46b-172 (a)(1) read as follows:
 "In lieu of or in conclusion of proceedings under section 46b-10, a written acknowledgment of paternity executed and sworn to by the putative father of the child when accompanied by (A) an attested waiver of the right to a blood test, the right to a trial and the right to an attorney, and (B) a written affirmation of paternity executed and sworn to by the mother of the child and filed with the Superior Court, for the judicial district in which the mother of the child or the putative father resides shall have the same force and effect as a judgment of that court. It shall be considered a legal finding of paternity without requiring or permitting judicial ratification, and shall be binding on the person executing the same whether he is an adult or a minor, subject to subdivision (2) of this subsection. Such acknowledgment shall not be binding unless, prior to the signing of any affirmation or acknowledgment of paternity, the mother and the putative father are given oral and written notice of the alternatives to, the legal consequences of, and the rights and responsibilities. that arise from signing such affirmation or acknowledgment. The notice to the mother shall include, but shall not be limited to, notice that the affirmation of paternity may result in rights of custody and visitation, as well as a duty of support, in the person named as father. The notice to the putative father shall
 Page 5